**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALFREDO CARRATALA,

    Petitioner,

v.                                          Case No. 8:04-CV-878-T-30MAP
                                                Case No. 8:98-CR-322-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

THIS CAUSE is before the Court for consideration of Petitioner's motion requesting that it modify his criminal judgment to provide that he be required to pay only $50.00 a month toward restitution. Petitioner cites 18 U.S.C. §§ 3572(d)(2)[1] and 3664(f)(2)[2] in support of his motion.

Petitioner complains that he "is currently participating in the BOP IFRP[3] witch [sic] is forced on the [P]etitioner . . . or [he] would be subject to **Suffer** administrative restriction.

---

[1] "If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. 3572(d)(2).

[2] Part of the Victim and Witness Protection Act of 1982, Pub.L. No. 97-291, 96 Stat. 1248, 18 U.S.C. §§ 3663-3664 allow district courts to order defendants to pay restitution to any victim of a Title 18 offense. *See* 18 U.S.C. § 3663(a)(1). Section 3664 establishes the procedure for issuance and enforcement of an order of restitution.

[3] Bureau of Prisons (hereinafter "BOP") Program Statement 5380.07, Inmate Financial Responsibility Program (hereinafter "IFRP"), codified, in part, at 28 C.F.R. § 545.10, sets amounts for restitution payments based on an inmate's financial resources, including both inmate pay and non-institutional resources.

Case 8:04-cv-00878-JSM-MAP   Document 36   Filed 04/19/05   Page 2 of 5 PageID 91

. . . [T]he petitioner is doing this against his will" (Dkt. 34 at 1 (emphasis in original)).   For reasons discussed below, this matter is not properly before the Court.

## Discussion

On June 1, 2001, Petitioner entered a plea of guilty to Count 1 of the third superseding indictment charging that he conspired with eight co-defendants to engage in racketeering activity in violation of 18 U.S.C. § 1962(d), the Court accepted his guilty plea, and he was adjudicated guilty (CR Dkt. 704).  On October 23, 2001, Petitioner was sentenced to a term of 240 months imprisonment, to be followed by a 36-month term of supervised release (Dkt. 865).  Petitioner was ordered to pay restitution to the victims in the aggregate amount of $5,542,411.23, *with payments to begin immediately. Id.* at 6. The restitution order was amended to correct a clerical error on April 21, 2004, lowering the total restitution to $5,237,811.23, *with payments to begin immediately* (CR Dkt. 1121 at 6).  *See* 18 U.S.C. § 3572(d)(1). The appellate court affirmed Petitioner's conviction and sentence on November 20, 2002, and the order rejecting his petition to the United States Supreme Court for a writ of *certiorari* issued on June 2, 2003.  *See United States v. Carratala*, 45 Fed. Appx. 877 (11th Cir. 2002), *cert. denied*, 539 U.S. 909 (2003).

Petitioner filed a motion for collateral relief pursuant to 28 U.S.C. § 2255 on April 20, 2004 (CV Dkt. 1).  An amended judgment was entered on July 22, 2004, correcting a discrepancy between the oral pronouncement of Petitioner's sentence and the written judgment entered on October 23, 2001 (CR Dkt. 1136).  Petitioner's § 2255 motion was denied on October 4, 2004 (CV Dkt. 5), and the appellate court denied Petitioner's request for issuance of a certificate of appealability on February 25, 2005 (CV Dkt. 32).

Absent very specific exceptions, once sentence is imposed and a judgment entered in a criminal case, the Court cannot unilaterally modify a sentence it has imposed. *See* 18 U.S.C. § 3582(c) (1988).  The BOP has not filed a motion to reduce Petitioner's term of imprisonment, and Petitioner has not cited any statute or rule of criminal procedure which expressly permits a modification of his sentence.

A court can reduce a sentence under Rule 35 or Rule 36, Fed. R. Crim. P., only in limited circumstances.  Neither of these rules is, however, applicable in the instant case. *See Hargrett v. United States*, 1998 WL 51862 (N.D. N.Y.).  Rule 35 is unavailing because more than seven days has elapsed since the sentence was imposed, and the Government has not filed a motion for a reduction in Petitioner's sentence for substantial assistance. Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  There is no allegation that an error exists in the record arising from a "clerical error, . . . oversight, or omission."   *See* Fed. R. Crim. P. 36.  Thus, the Court is not authorized to modify or reduce Petitioner's sentence based on the contentions he raises in the instant motion under either Rule 35 or Rule 36.

A petitioner may challenge the validity of the sentence itself in a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 in the district of the sentencing court, or attack the execution of his sentence through a habeas proceeding in the district where he is incarcerated pursuant to 28 U.S.C. § 2241.

As stated above, Petitioner has already filed a § 2255 motion (CR Dkt. 1120/CV Dkt. 1). Pursuant to §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act, federal prisoners who want to file a second or successive § 2255 motion

must move the court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §§ 2255 and 2244(b)(3)(B).  *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996). Because Petitioner has not received authorization from the Eleventh Circuit to file a second or successive petition, this Court is precluded from considering his motion under § 2255.

Petitioner states that he has filed a "petition" in "the Ocala courts."  Having reviewed the docket for this district, the Court takes judicial notice of a cause of action initiated by Petitioner on November 8, 2004, in the United States District Court, Middle District of Florida,  Ocala Division, pursuant to § 2241 asserting that provisions of BOP Policy Statement 5280.07 allowing BOP personnel to set the conditions for an inmate's restitution payments through the IFRP violate 18 U.S.C. § 3664(f)(2).  *See Carratala v. Pearson*, 5:04-cv-494-Oc-10GRJ (M.D. Fla. 2004), Dkt. 1. *See also* Fed. R. Evid. 201.  Respondent filed a response to the § 2241 petition on December 28, 2004, *see id.* at Dkt. 3, and Petitioner filed his reply thereto on January 27, 2005, *see id.* at Dkt. 5.  Because Petitioner is incarcerated in the Federal Correctional Complex, Coleman, Florida, the § 2241 petition is properly filed in the Ocala Division.  *See* 28 U.S.C. § 2241(d). *See also United States v. Callan*, 96 F.3d. Appx. 299 (6th Cir. 2004) (denying federal inmate's motion to be relieved

from participating in the IFRP); *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through a habeas proceeding in the district where he is incarcerated, while a challenge to the validity of the sentence itself must be brought pursuant to motion to vacate, set aside or correct sentence in the district of the sentencing court" (citation omitted)).

## Conclusion

For the reasons set forth *supra*, Petitioner's motion to modify the restitution order is not properly before this Court.

ACCORDINGLY, the Court **ORDERS** that Petitioner's motion to modify the restitution order (CV Dkt. 34) is **DISMISSED**.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro se Petitioner/Counsel of Record