**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALFREDO CARRATALA,

    Petitioner,

v.                                              Case No. 8:04-CV-878-T-30MAP
                                                      Case No. 8:98-CR-322-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This matter comes before the Court for consideration of Petitioner's Motion for Relief from the order denying his request to present an *Apprendi/Booker* claim (Dkt. 37). For reasons set forth below, the Court finds that Petitioner's motion should be denied.

The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See, e.g., Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Motions under this rule are directed to the sound discretion of the district court. *Id.*

On July 28, 2004, the Court rejected Petitioner's motion to amend his request for relief under 28 U.S.C. § 2255, *see* CR Dkt. 1135; CV Dkt. 4, to add a claim asserting that the 240-month prison sentence he received following his conviction for conspiracy to engage in racketeering activity in violation of 18 U.S.C. § 1962(d) exceeded the statutory

maximum sentence.[1] The Court found that Petitioner failed to present a cognizable basis for relief under § 2255. *See* 28 U.S.C. § 2255.

Petitioner's request that the Court reconsider its finding is premised on three Supreme Court holdings: *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (reaffirming the rationale in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.")); *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 2537 (Jun. 24, 2004); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The holdings in these cases are not applicable to Petitioner's request for relief under § 2255.

The Eleventh Circuit recently held that the Supreme Court's *Booker* decision is not retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (citing *Schriro v. Summerlin*, 542 U.S. ___, 124 S.Ct. 2519, 2526-27 (2004)). *See also, e.g.*, *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. Jul. 8, 2005) (stating that *Booker*'s holding does not apply retroactively to cases on collateral review); *In re Olopade*, 403 F.3d 159, 162-64 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142-43 (2d Cir.), *petition for cert. filed*, (U.S. July 5, 2005) (No. 05-5187); *United States v. Price*, 400 F.3d 844, 845 (10th Cir.), *petition for cert. filed,* (U.S. May 31, 2005) (No. 04-10694); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *petition for cert. filed*,

---

[1] The criminal penalties for a violation 18 U.S.C. § 1962 provide, *inter alia*, that "[w]hoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both." 18 U.S.C. § 1963(a).

(U.S. May 17, 2005) (No. 05-5130); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005). In *Varela*, the Eleventh Circuit explained that *Booker's* constitutional rule is a "prototypical procedural rule" that "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review" and is not a "'watershed rule[ ] of criminal procedure' to be applied retroactively." 400 F.3d at 867-68. In the absence of a decision by the United States Supreme Court or the Eleventh Circuit sitting *en banc* determining otherwise, *Varela* remains the controlling law in this circuit. Likewise, the *Blakely* decision is not to be applied retroactively to § 2255 motions. *See In re Dean*, 375 F.3d 1287, 1290 (finding that the *Blakely* rule could not be applied retroactively on collateral review).

Having reviewed the arguments presented in Petitioner's motion, the Court finds that he presents no basis for the Court to reconsider his request for relief pursuant to *Apprendi* and its progeny*.*

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Relief (Dkt. 37) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished:
Counsel/Parties of Record

SA:jsh